**UNITED STATES COURT OF APPEALS**
**Filed 6/20/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY DENSMORE ROBERTS,

        Defendant - Appellant.

No. 95-6371
(D. Ct. No. 95-CR-68-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from the order of the district court sentencing defendant to 30 months imprisonment, a two-year term of supervised release and a special assessment following a plea of guilty to the information. In this appeal defendant alleges that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred in refusing to grant defendant a reduction in the base offense level for his sentence because of his role in the offense. We affirm.

Defendant has the burden to establish, by a preponderance of the evidence, his entitlement to an offense level reduction under USSG § 3B1.2. United States v. Williamson, 53 F.3d 1500 (10th Cir. 1995). Defendant argues in this appeal that his culpability, when compared with the culpability of other participants in this offense, was substantially less than the average participant. We review the district court's determination regarding this downward adjustment to determine whether it is clearly erroneous. United States v. Williamson, supra.

Defendants must be "substantially less culpable than the average participant" before they can qualify for a downward adjustment. Section 3B1.2, comment. The determination of whether a downward adjustment applies is fact-intensive and highly dependent upon the district court's analysis of the relative culpability of the defendants. The district court is required to compare the culpability only of those defendants involved in this sting operation. The evidence in this record makes clear that defendant's offense level was computed based on the specific offense characteristic of the attempted sale of five grenades to the confidential informant. Defendant's involvement in that criminal venture was at least equal to or greater than that of his co-defendant. Both defendants were present when the grenade was initially shown to the confidential informant. Defendant was involved in the meeting and the buy. Indeed, this record suggests that

defendant served in an active role in arranging the attempted sale of the five grenades. The record is clear that defendant's conduct was similar to other distributors of grenades and contraband items. We have reviewed the record and briefs in this case and cannot say that the district court was clearly erroneous in refusing to grant the downward adjustment based on minimal or minor participation to this defendant. AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge